## Mark L. Tilton, Appellee, v. Joseph L. Trapp, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Wabash county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Mark L. Tilton, against Joseph L. Trapp, based upon the common counts to which was attached a bill of particulars, and there was filed with the declaration the contract upon which plaintiff seeks to recover rent. From a judgment for plaintiff for four hundred dollars, defendant appeals.

P. J. KOLB and M. J. WHITE, for appellant.

E. B. GREEN and S. J. GEE, for appellee; THEO. G. RISLEY, of counsel.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. ALTERATION OF INSTRUMENTS, § 22*—*when burden is on plaintiff to prove execution.* Where it is claimed that certain provisions

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Perkins v. C., C., C. & St. L. Ry. Co., 183 Ill. App. 531.

were inserted in a contract after being signed and the defendant denies under oath the execution of the entire agreement, the burden of proving it to be defendant's agreement is upon the plaintiff.

2. Alteration of instruments, § 20*—*evidence sufficient to show part of contract was inserted.* Defendant in an action for rent denied the execution of a contract in the form in which it was presented to the jury. The contract appeared as if two separate agreements written on separate sheets of paper had been pasted together, and only the part admitted to have been signed was first filed when the suit was begun. Continuous efforts of plaintiff to rent the property to different persons and other circumstances corroborated defendant's testimony that a part of the contract was not executed by him. *Held,* a verdict for plaintiff was against the evidence.